UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WILLIAM COBB,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Defendant.

------------------------------------------------------------X

O R D E R

09 CV 916 (ARR)

ROSS, United States District Judge:

Petitioner *pro se*, William Cobb, has moved pursuant to 28 U.S.C. § 2255 to vacate his conviction, following a jury trial, of (1) conspiracy, between September 2000 and October 2002, to distribute 50 grams or more of cocaine base, in violation of 28 U.S.C. §§ 846 and 841(b)(1)(A)(iii) (Count Two), and (2) distribution of an unspecified quantity of cocaine base on February 7, 2002, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).

His petition raises a plethora of challenges to his conviction, including claims that (1) his prosecution in the this district breached the terms of a plea agreement he entered with the United States Attorney's Office for the Northern District of New York, (2) his guilty plea allocution to a charge in the Northern District of New York was improperly admitted into evidence at trial, both because its admission violated Rule 11(f), Fed. R. Crim. Pro., and Rule 410, Fed. R. Evid., and because its admission unduly prejudiced one of his co-defendants, Dupree Harris, (3) venue was improper in the Eastern District of New York and the prosecution should have been removed to

1

the Northern District of New York under Rule 20, Fed. R. Crim. P., (4) he was the victim of vindictive prosecution, and (5) his trial counsel was ineffective in (a) failing to move to preclude from evidence his Northern District guilty plea allocution, (b) failing to raise challenges to "inflammatory testimony" regarding co-defendant Harris and to the admission of co-conspirator statements, (c) failing to request a special verdict form specifying the amount of cocaine base found by the jury to have been the subject of the conspiracy charge, (d) failing to request removal of the prosecution to the Northern District of New York pursuant to Rule 20, Fed. R. Crim. P., and (e) failing to object to imposition of a prior drug felony sentencing enhancement under 21 U.S.C. § 851. For the reasons set forth below, each of petitioner's complaints is without merit and his petition is therefore denied.

## DISCUSSION

### 1. The Alleged Breach of the Northern District of New York Plea Agreement

In 2002, well over two years before his indictment in this district, petitioner was indicted in the Northern District of New York for six substantive counts of distribution of cocaine base, all occurring in 2002. Thereafter, by agreement dated October 27, 2003, Ex. C to the Government's Memorandum of Law in Opposition to the Petition (Gov't. Memo. of Law), he entered a plea of guilty to one count of that indictment in satisfaction of all of the remaining counts. During the trial in this case, the government read Cobb's Northern District guilty plea allocution to the jury, and argued to the jury that the substantive offense to which he pled guilty in that district was proof of his participation in the conspiracy charged in Count Two of the indictment in this case. No party objected to the evidence nor did either of Cobb's co-defendants request a limiting instruction.

Petitioner argues that the prosecutor's use of the plea allocution in this case constituted a breach of his plea agreement with the Northern District of New York. But that plea agreement explicitly limited the reach of its terms to the United States Attorney's Office for the Northern District of New York. Specifically, paragraph 10 of the agreement provides: "Limitations. This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state, or local prosecuting authorities." Such a limitation permitting use of a guilty plea in a subsequent proceeding commenced by a different prosecuting authority has regularly been enforced in this circuit. See, e.g. United States v. Persico 774 F. 2d 30, 33 (2d Cir. 1985) (citing cases) (plea agreements barring reprosecution by the U. S. Attorney's Office for the Eastern District of New York do not bind any other United States Attorney's Office). Cobb's further complaint that he did not breach the Northern District Plea Agreement does not advance his argument for the same reason: provisions of that agreement did not bind the Eastern District U.S. Attorney's Office.

### 2. Neither Rule 11(f), Fed. R. Crim. P., Nor Rule 410, Fed. R. Evid., Barred Introduction of the Plea Allocution, Nor Can Petitioner Attack His Conviction Based on Alleged Prejudice to His Co-defendant

Rule 11(f), Fed.R.Crim.P. provides that "admissibility or inadmissibility of a plea ... and any related statement is governed by Federal Rule of Evidence 410." Rule 410, Fed. R. Evid., in turn, deems inadmissible "against the defendant who made the plea ... a plea of guilty which was later withdrawn[,] a plea of nolo contendere[,] any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure ... regarding either of the foregoing pleas[,] or any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty

3

later withdrawn." Here, because Cobb neither withdrew his guilty plea nor pled nolo contendere to the charges in the Northern District, the rules do not bar the admission of his guilty plea allocution in his prosecution in this district, nor do the rules confer any form of "constructive immunity" precluding use of his allocution against him.

Similarly beside the point is Cobb's complaint that the allocution unduly prejudiced his co-defendant, Dupree Harris. Not only does Cobb have no standing to argue infringement of the constitutional rights of another, but the issue was already decided against Harris on direct appeal. See United States v. Blackshear, 2008 WL 731482 at *4 (2d Cir.2008).

### 3. Venue Was Proper and Rule 20, Fed.R.Crim.P., Has No Application to This Case

In addition to the fact that the Court of Appeals has already held that Cobb waived any challenge to venue in this district by failing to raise a timely objection, Blackshear, 2008 WL 731482 at *5, there was ample evidence at trial to establish venue here for the cocaine base conspiracy because Cobb and Harris acquired the drugs in Brooklyn, in the Eastern District of New York, and transported them to the Northern District of New York for sale. Similarly futile is the complaint that Cobb's prosecution should have been removed to the Northern District of New York under Rule 20, Fed.R.Crim.P., as a prerequisite for transfer under that rule, the approval in writing of the United States Attorney for both districts, could not have been secured.

### 4. Cobb Was Not the Victim of Vindictive Prosecution

The Court of Appeals has already held, in response to Cobb's earlier iteration of this argument, that "Cobb was free to accept or reject the government's offer [of cooperation]. Having rejected it, he was subject to prosecution for conspiracy [in the Eastern District]." Blackshear, 2008 WL 731482 at *4 -*5.

## 5. Cobb's Trial Counsel Was Not Ineffective

Because, as addressed above, (1) venue was proper in the Eastern District, (2) Rule 20, Fed. R. Crim. P., has no application to this case, and (3) Cobb's Northern District of New York guilty plea allocution was properly admitted into evidence, Cobb's counsel was not ineffective in failing to raise these issues at trial.

Cobb's remaining contentions of ineffective assistance of counsel are equally meritless. Contrary to Cobb's complaint, a special verdict form *was* provided to the jury, based on which the jury made a specific finding that he had conspired to distribute 50 grams or more of cocaine base. Ex. D to Gov't. Memo. Of Law. Also contrary to his complaint, trial counsel made every effort to prevent the elicitation of testimony that Cobb's co-defendant Harris was a "hit man," and counsel thereafter moved for a mistrial on behalf of Cobb urging prejudice to his client resulting from that testimony. Notably, too, the Court of Appeals has already held that the contested statements, although ultimately stricken from the record at trial, were in fact admissible in evidence as they were made in furtherance of the conspiracy of which all defendants had sufficiently been shown to be members. Blackshear, 2008 WL 731482 at *2. For the same reason, the unidentified co-conspirator statements that Cobb now faults his counsel for permitting were properly admitted into evidence at trial as they were made in furtherance of the conspiracy in which all defendants had participated.

Cobb's final attack upon his counsel's performance arises from counsel's failure to challenge the sentence of 20 years incarceration imposed on him in accordance with an enhancement under 21 U.S.C. § 851(a)(1). According to Cobb, the enhancement was improper because his predicate conviction in 1989 in Kings County Supreme Court was to "simple

possession" of a controlled substance, not to possession involving an attempt to distribute. As the government argues, however, the record is clear that defendant's predicate drug conviction was for the felony of criminal possession of a controlled substance with the intent to sell in the fifth degree, in violation of N.Y. Penal Law § 220.06(1). See Exs. C and D to government's letter to the court dated December 11, 2009. Counsel thus had no basis to contest the prior drug felony enhancement under § 851.

## CONCLUSION

For the reasons state above, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitut8onal right," 28 U.S.C. § 2253(c)(2)(1996), no certificate of appealability will be granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED:

Dated: Brooklyn, New York
January 26, 2010

/Signed by Judge Ross/
Allyne R. Ross
United States District Judge

COPIES FORWARDED TO

William Cobb
Register No. 11595-052
FCI - Elkton
P.O. Box 10
Lisbon, OH 44432

Morris Fodeman
Assistant U.S. Attorney
U.S. Attorney's Office, EDNY
271 Cadman Plaza East
Brooklyn, NY 11201-1820