

The government is requested to respond
to the instant motion by feb. 28, 2010.
So ordered.                S/Judge Ross
2/17/11                                        -USDJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

cc: William Cobb 11595-052
FCI Allenwood Unit # 1A
P.O Box 2000
White Dear, PA
17887

```
                                    *
                                    *
                                    *
                                    *        CIVIL ACTION NO.  09-CV-916 (ARR)
WILLIAM COBB                        *
        PETITIONER,                 *        RENDERED : JANUARY 26, 2010
                                    *
                                    *        MOTION FOR RELIEF  FROM JUDGMENT
                                    *
        Vs.                         *        PURSUANT TO FED. R. CIV. PROC 60(b)
                                    *
                                    *
                                    *
                                    *
UNITED STATES OF AMERICA            *
            RESPONDENT.             *
                                    *
```

I.  INTRODUCTION

Comes Now William Cobb hereinafter  ( "Cobb " ) in the above-entitled
cause for action, acting in pro se capacity and hereby seeks habeas corpus re-
lief in the form of " re-opening " the collateral process of review wherein
the United States District Court rendered the January 26, 2010 judgment denying
the subject challenged due to the ineffective measures of defense counsels re-
presentation at critical stages of the proceeding.

1

## II.  JURISDICTION

The United States District Court is with irrefutable subject matter juris-
diction over the fair administration of justice over this case or controversy
pursuant to Federal Rules of Civil Procedures 60(b).

## III.  FACTUAL BACKGROUND

The  following background statements are taken from the procedural
travels and should be presumed true for purpose of review hereunder:

In the original motion to vacate filed in the district court on
, 20 , Cobb raised a plethora of challenges to the constitutionality of his
conviction and sentence, one of which are at issue here.  Specifically,
argued that defense counsels performance during the sentencing proceeding and
on direct review fell well below the objective standard of reasonableness as
dictated by Strickland v. Washington (1984) precede by Rompilla v. Beard (2005).
The basis for the arguments was premised on counsels failure to abject to the
imposition of the prior drug felony sentencing enhancemnt under Title 21 U.S.C.
§ 851

On January 26, 2010 the District Court denied Cobb"s habeas petition there-
to  the subject challenged based on the rationale that the, 1989 prior convic-
tion under N.Y. Penal Law  § 220.06 qualified for the §851 enhancemnt because
section 220.06 contained a " intent to sell " component, and thus, defense
counsel has no reason to object .  The Court also ordered that a certificate
of appealability not issue in this case pursuant to Title 28 U.S.C. § 2253.
Cobb filed a timely notice of appeal to wit:  was denied on June 24, 2010.

2

## IV.   STANDARD FOR REVIEW

Rule 60(b) of Fed. R. Civ. Proc . allows the court to relieve a party from a final judgment. See FRCVP 60(b). A motion pursuant to Rule 60(b) is " addressed to the sound discretion of the District Court and [is] generally grabted only upon a showing of exceptional circumstances" Evidence in support of a motion to vacate a final judgment [must] be convincing. A true motion under Rule 60(b) must be predicated on one of the five (5) narrow and specific grounds enumerated or on a sixth (6) ground, which, despite its open wording, has been narrowly cabined by the Second Circuit precedents. United States v. Harris, 367 F.3d 74,80 (2nd Cir. 2004) and see Rodriguez v. **Mitchell, 252 F.** 3d 191,198 (2nd Cir 2001). They include the following:

> (1) mistake, inadvertance,surprise or excusable neglect
> (2) newlydiscovered evidence.. . .(3) fraud. . . .(4)
> the release or discharged of a prior judgment upon which
> it is based has been reversed or otherwise vacated; (5)
> or it no longer equitable that the judgment should have
> prospective application or (6) any other reason justifying
> relief form the operation of thejudgment.

Cobb identifies Rule 60(b)(1) and (6) as grounds on which to re-open his habeas proceeding. Any motion brought under the premises of mistake, Rule 60(b) (1) must be filed " not more tha one year after the judgment, order or proceeding was entered or taken. " This matter is timely whereas, the denial of the motion to vacate occurred on January 26,2010. The second ground, ineffectiveness ofcounsel can meet the stringent standard under Rule 60(b)(6), which only affords relief in " extraordinary circumstances ". A lawyers failures must be so egregious and profound that they amount to the abandonment of its clients case altogether, either through physical disappearance or constructive disappearance. Cobb relies on the Supreme courtholding in Glover v. United

3

States (2001) 531 U.S. 198,202 holding:

> " a claim of ineffectiveness of counsel
> which led to sentencing errors is cogni-
> zable on § 2255 as constitutional vio-
> lation "

~~critical evidence~~ and applicable circuit law, in support of the

claim of ineffective assistance of counsel was overlooked and

supplies just cause to re-open the habeas proceeding to give con-

sideration on what actual effect the application and implemen-

tion thereof had or reasonably may be taken to have had upon "

outcome of habeas proceding ".


### V.   ISSUES PRESENTED


WHETHER THE CERTIFICATION OF DISPOSITION AND SECOND CIRCUIT
PRECEDENTS DETERMINATE OF FINDING THE FACTUAL BASIS FOR THE
CLAIM OF INEFFECTIVENESS OF COUNSEL WARRANTED AN EVIDENTIARY
HEARING


In the wake of the United States Supreme Courts decision in

shepard v. United states (2005) 544 U.S. 13, 125 S.Ct. 1254, 161

L. Ed 2d 205 which afforded the lowers courts a list of univer-

sal documentation to be used to determine substance of a prior

conviction for purpose of the recidivist enhancements. See 2010

, U.S. App Lexis 14659, Landazury v. Holder [july 19,2010] ;United

States v. Rosa, 507 F.3d 142 (2nd Cir. 2007) and United States

v. Green, 480 F.3d 627,632 ( 2nd Cir. 2006)(noting the impor-

tance that a certificate of disposition falls within the purview

of documents listed to determine a defendnats status under the

4

recidivist statute).  In <u>Green</u> , a case more similiar to the
case at bar, the Second Circuit held that the district court had
not erred by rejecting the defendants claims that the certificate
of disposition outlining the prior offense of conviction under
N.Y. Penal Law.  In so holding, the court ruled that the certifi-
caate of disposition consitutes as " some comparable judicial
records of information " in shich, the court was allowed to con-
sider in making its determination about the applicability of the
recidivist statue.

In his case, the defendant asserts and contends that the
certificate of disposition proffered by the government in the
December 11, 2009 letter as Exhibit C was overlooked as evidence
that constituted as presumptive evidence of the facts of his con-
viction of the April 13, 1989  offense. As in <u>Green</u>, the Govern-
mnet was unable to obtain either the formal judgment or the tran-
scripts of the plea proceeding in this case.  The Government as
in <u>Green</u> Stipulated the the certificate of dispostion.  Unlike
Green, however, CObb does not challenge the admissibility of the
documentation, in that, it should not be used, Cobb asserts that
the certificate of disposition is the only reliable evidence made
available to relay what the actual 1989 effense of conviction in
Kings county was.

CObb avers that, had the court given just consideration to
the applicable law as referenced above in terms of the certifi-
cate of diposition his sentence [unconstitutionality thereof]
based on counsels ineffectiveness: failing to object and obser-

5

ving the stipulated evidence as proffered by the government in its oppostition motion that the 1989 conviction was for simple possession and not possession with intent to sell, would have be substantially different. See Glover, supra ( any unwarranted term of imprisonmnet is pre se prejudice ). In Short, the certificate of disposition makes all the more different the courts ruling had said documentation not been overlooked. For the reasons stated above the collateral procceeding should reopen to afford just consideration of the certifcate of disposition to undermine the 120 month increase in sentence as a reult of the application of the recidivist statue under Title 21 USC § 851.

Secondly, the fact that this court adopted facts from the PSR to determine the 1989 conviction also birth and error in judgment. The gathering of information contained in the presentence report is not an exact scienc. Because the information is the presentence report may be unfounded malicious gossip, inaccurate , or materially false (as shown here) the district court should have treaded warily, without acting blindly upon the serious allegation, absent guarantees of reliability of the imformation contained therein. U.S. v. Johson, 378 F.3d 230,241 (2nd Cir. 2004) (sentencing courts not obligated to accept all unchallenged portions of the psr as fact)

When a criminal defendant challenge the veracity of the evidence contained in the presentence report, prosecution, not the defendnat, must introduce corroborating proof . U.S. v. Halguin,

6

436 F.3d 111, 119 (2nd Cir. 2006)( Government bears the burden
of establishing a factor that would result in an enhancement of
the defendnats dentencing range) and see Torres v. Berbay, 340
F.3d 63,72 (2nd CIr. 2003)(Due process violated where sentencing
decision based only on report filled with hearsay, speculation
and uncorroborated accounts). CObb asserts and contends that,
the district court adoption of the information in the PSR to
determine the applicability of the § 851 enhancement was error.
Wherefore, the information adopted from the Northern District
Presentence report was rejected by said court in the sentencing
phase. see Exhibit B hereinattached.

To establish the accuracy of the prior conviction, the pro-
bationer officer, as a result of the department in which, the re-
cords where of the 1989 conviction where kept where destroyed in
a devastating fire, turn to the contention cited in the the Pre-
sentence report in the Northern District.  Defense counsel failed
to object nor did the district court observed that the evidence
in the Norhtern District psr was rejected at the sentencing pro-
ceeding as basis for the career offender provision based on the
rationale that the records as provided did not provide  a rational
basis for finding the 1989 conviction was for possesion with the
intent to sell.  By adopting the Psr form the Northern district
to determine the applicability of the § 851 enhancement, the
court adopted the findings that the 1989 conviction was for crimi-
mal possesion in the fifth degree. see Exhibt B.

7

This case is and example of how the governments overreaching supplied cause for the defendant to bring forth a cognizable claim of ineffectiveness of counsel. The January 26, 2006 order should dismiss and the matter reopened to assess the relieability of the contention herein and hereto support the issuance of the desired relief. The veracity of the judgment under attack renders a evidentiary hearing warranted. see B   This case is awashed with legal error regarding the 1989 prior conviction. It is clear that, when the determination  of the evidence is based on the psr assertion, which , in this case was rejected in one court and adopted by another court, without realizing such, than the question of reliability in terms of the prior conviction becomes an issue.

Wherefore, premeises considered, Cobb prays that this court will inquiry into the records and reopen the collateral proceeding to ascertain  the  findings  thereto was not based on unfounded malicious gossip and inaccurate formation moreso, oversight of the necessary documentation and legal authority to discern whether the 1989 prior conviction rendered applicable the § 851 recidivist enhmancement.

RespectFully Submitted

William Cobb

8

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK        NO FEE
KINGS COUNTY
320 JAY STREET
BROOKLYN, NY 11201


CERTIFICATE OF DISPOSITION - SUPERIOR COURT INFORMATION

TE: 12/09/2009                    CERTIFICATE OF DISPOSITION NUMBER: 15710

OPLE OF THE STATE OF NEW YORK     CASE NUMBER:              SCI-01992-89
              VS.                 LOWER COURT NUMBER(S):
                                  DATE OF ARREST:           01/12/1989
                                  ARREST #:                 K89003109
                                  NYSID #:                  6081476R
                                  DATE OF BIRTH:            05/16/1968

BB,WILLIAM H

_____
          DEFENDANT

HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
FILE IN THIS OFFICE THAT ON 02/09/1989 BEFORE THE HONORABLE
Y,J   THEN A JUDGE OF THIS COURT, THE ABOVE NAMED DEFENDANT
TERED A PLEA OF GUILTY TO THE CRIME(S) OF

MINAL POSSESSION OF A CONTROLLED SUBSTANCE 5th DEGREE PL  220.06 01 DF

AT ON 04/13/1989 THE ABOVE NAMED DEFENDANT WAS SENTENCED
THE HON. KAY,J ,THEN A JUDGE OF THIS COURT TO

MINAL POSSESSION OF A CONTROLLED SUBSTANCE 5th DEGREE PL  220.06 01 DF
BATION = 5 YEAR(S)


T ON 03/06/1997 THE ABOVE NAMED DEFENDANT WAS RESENTENCED
A VIOLATION OF PROBATION BY THE HON. HUBSHER,M
N A JUDGE OF THIS COURT TO:

NAL POSSESSION OF A CONTROLLED SUBSTANCE 5th DEGREE PL  220.06 01 DF
RISONMENT =   90 DAY(S)




ITNESS WHEREOF,I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
CIAL SEAL ON THIS DATE 12/09/2009.

                              _____
                                        COURT CLERK

                                   NANCY T. SUNSHINE
                                   Kings County Clerk

Exhibit B

042204-Cobb.txt

24    important, as you say, when you are in prison and
25    out of prison the things you find there, which is

A.S.E. REPORTING SERVICE
(518)   458-1091

19

(USA v. Cobb)

1    Bible study and education, and whether it's in
2    prison or it's out of prison, you can have it
3    wherever you go.  And I think when you do get out
4    you are going to hang with good people and I think
5    your faith is going to keep you out of prison and
6    you are still going to have good years and good life
7    with your family.
8                But there is going to be some hard
9    times again, obviously.  Again you have God, you
10   have the church and study, you can make good out of
11   that too.
12               In my finding, contrary to the
13   findings recommended in the presentence report the
14   defendant's April 13th, 1989 conviction for criminal
15   possession of a controlled substance 5th, although
16   properly scored under Section 4A1.1b of the
17   Sentencing Guidelines should not be considered for
18   career offender under Section 4B1.1
19               Specifically, all the documentation
20   has been received from Kings County Supreme Court
21   which clearly details the disposition as initially a
22   sentence of probation and subsequently 90 days
23   incarceration for a violation of that probation.
24   The Court finds that it's unclear as to why there

Page 18

042204-Cobb.txt
25    was the violation filed and there is a lack of

A.S.E. REPORTING SERVICE
(518)  458-1091

20

(USA v. Cobb)

1    documentation as to the circumstances of this

2    presentencing and therefore the defendant is not a

3    career offender as scored in the Presentence

4    Investigation Report.

5              Furthermore, the Court has

6    determined the Presentence Report correctly does

7    score the criminal history section of the report and

8    thus the defendant is not safety valve eligible.

9    Therefore, the defendant's total offense level is

10   29, criminal history category 2, guideline

11   imprisonment range is 97 to 121 months.  However,

12   since the statutory mandatory minimum sentence is

13   120 months, the applicable guideline range becomes

14   120 to 121 months, pursuant to the U.S.S.G. Section

15   5G1.5(c)(2).

16             Upon your plea of guilty to Count 6

17   of the indictment and pursuant to the Sentencing

18   Reform Act it is the judgement of this Court that

19   you are hereby committed to the custody of the

20   Bureau of Prisons to be imprisoned for a term of 120

21   months.  Additionally, the Court does recommend that

22   the defendant participate in the Bureau of Prisons

23   comprehensive residential drug treatment program or

24   any other drug treatment program.  Upon release from

25   imprisonment you shall be placed on supervised

Page 19