UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WILLIAM COBB,

                Petitioner,

        - against -

UNITED STATES OF AMERICA,

                Defendant.

------------------------------------------------------------X

Not For Print or Electronic Publication

OPINION AND ORDER

Civil No. 09 916 (ARR)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 20 2011 ★
BROOKLYN OFFICE

ROSS, United States District Judge:

Petitioneer, William Cobb, moves pursuant to Rule 60(b), Fed. R. Crim. Pro., for relief from judgment denying his writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons that follow, his motion is denied.

Background

By Opinion and Order dated January 26, 2010, this court denied petitioner's pro se application for a writ of habeas corpus, and the Court of Appeals denied his request for a certificate of appealability by mandate issued on June 24, 2010. In his habeas petition, petitioner had contended, among other things, that his trial counsel was ineffective in failing to object to the imposition of a prior drug felony sentencing enhancement under 21 U.S.C. § 851. More specifically, petitioner had argued that his counsel should have challenged the enhancement as improper because his predicate conviction in 1989 in Kings County Supreme Court was to "simple possession" of a controlled substance, not to possession involving an attempt to distribute.

1

In the order denying habeas, this court rejected the argument, concluding that "the record is clear that defendant's predicate drug conviction was for the felony of criminal possession of a controlled substance with the intent to sell in the fifth degree, in violation of N.Y. Penal Law § 220.06(1)." (Dkt. No. 12 at 6). In so doing, the court cited two exhibits appended to a letter of the government dated December 11, 2009 (Dkt. No. 10). First, the court explicitly relied upon Exhibit C, a Certificate of Disposition from New York State Supreme Court, Kings County reflecting petitioner's conviction of NYPL § 220.06(1), charging "knowing[] and unlawful possess[ion] [of] a controlled substance with intent to sell it." The court also referenced Exhibit D, a copy of petitioner's plea agreement in the Northern District of New York, in which petitioner acknowledged that "on April 13, 1989, he [had been] convicted in King's County Supreme Court ... of Criminal Possession of a Controlled Substance in the Fifth Degree, a Class D Felony, in violation of New York Penal Law § 220.06."

By papers dated January 25, 2011, petitioner now moves pro se, pursuant to Rule 60(b), Fed. R. Civ. P., for relief from this court's judgment denying habeas (Dkt. No. 19). He argues that the court erred in concluding that his 1989 Kings County Supreme Court conviction was for a drug felony that warranted a sentencing enhancement under 21 U.S.C. § 851, a finding that rendered meritless petitioner's claim that he was entitled to habeas relief because his counsel was ineffective in failing to object to the enhancement. More specifically, petitioner now contends that the habeas proceeding was flawed in that the court erroneously (1) "overlooked" the Certificate of Disposition of his 1989 Kings County offense, which petitioner characterizes as "the only reliable evidence ... [of] the actual 1989 offense of conviction in Kings [C]ounty", id. at 5, (2) relied on assertions in petitioner's Pre-Sentence Report from the Northern District of New

2

York, and (3) failed to grant him an evidentiary hearing on the identity of the crime that was the subject of the Kings County Conviction. Insofar as these claims purport to constitute an attack on the integrity of the habeas proceeding, they are meritless.

## Discussion

Petitioner's first complaint is difficult to comprehend, as it is precisely the Certificate of Disposition (Dkt. No. 10, Ex. C), which that petitioner considers the "only reliable evidence" of the offense of conviction in Kings County, that the court relied upon in concluding that he had been convicted of criminal possession of a controlled substance in the fifth degree, in violation of New York Penal Law § 220.06(1) – that is, the crime of knowing and unlawful possession of a controlled substance "with the intent to sell it." N.Y.P.L. § 220.06(1). The court also observed that this conclusion was confirmed by petitioner's plea agreement in the Northern District of New York (Dkt. No. 10, Ex. D) in which petitioner stipulated that he had previously been convicted of the crime of criminal possession of a controlled substance in the fifth degree. As to the second complaint on this motion -- that the court reached its conclusion in reliance on an untrustworthy pre-sentence report -- petitioner is simply wrong. Contrary to petitioner's assertion, in determining the nature of this criminal conviction, the court placed no reliance whatsoever on his Pre-Sentence Report from the Northern District of New York.

Petitioner's final claim -- that his habeas proceeding was flawed due to the absence of an evidentiary hearing on the identity of the predicate offense -- is likewise without merit. The denial of a § 2255 motion alleging ineffective assistance of counsel is not an abuse of discretion when a petitioner demonstrates no colorable claim that would, if proven, entitle him to relief. See

Contino v. United States, 535 F. 3d 124, 128 (2d Cir. 2008). Having failed to raise any question of fact as to whether his 1989 offense of conviction was one for simple possession rather than a felony offense, he was not entitled to an evidentary hearing on the issue. Accordingly, he has shown no basis for Rule 60(b) relief.

## Conclusion

For the foregoing reasons, petitioner's Rule 60(b) motion is denied in its entirety. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purposes of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 20, 2011

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

4

**COPIES WERE FORWARDED TO:**

William Cobb
# 11595-052
FCI-Allenwood Medium
Federal Correctional Institute
P.O. Box 2000
White Deer, PA 17887


David C. Woll, Jr.
Assistant U.S. Attorney
U.S. Attorney's Office
271 Cadman Plaza
Brooklyn, NY 11201