D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JAN 1 8 2019  ★

BROOKLYN OFFICE

---

WILLIAM COBB,

    Petitioner,

    — against —

UNITED STATES OF AMERICA,

    Respondent.

**04-cr-203 (ARR)**
**09-cv-916 (ARR)**

**Not for print or electronic publication**

**Opinion & Order**

---

ROSS, United States District Judge:

    In 2006, I sentenced Mr. Cobb to 240 months of imprisonment, which I believed was the minimum term required by law. *See* J. in Criminal Case 3, 04-cr-203, ECF No. 195. Last month, Mr. Cobb submitted a letter to this court asking that I recognize an error in my 2006 sentence and issue an amended judgment reducing his sentence. *See* Cobb Letter Requesting Sentence Reduction, 04-cr-203, ECF No. 234. I requested a reply from the government, and the government responded that although I could have sentenced Mr. Cobb to less than 240 months in 2006, Mr. Cobb's motion was procedurally barred. *See* Gov't Response Cobb Letter 1, 3, 04-cr-203, ECF No. 236. After reviewing the parties' submissions, I find that I did in fact commit an error when imposing Mr. Cobb's sentence. For the reasons that follow, I am vacating my 2010 Order denying Mr. Cobb's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, *see* Cobb § 2255, 09-cv-916, ECF No. 1; Order Denying § 2255, 09-cv-916, ECF No. 12. I am further

1

granting Mr. Cobb's § 2255 petition. Mr. Cobb must therefore be resentenced, and his resentencing will occur on February 14, 2019, at 2:00pm.

## BACKGROUND

On October 7, 2002, Mr. Cobb was charged in the Northern District of New York with distributing and possessing with intent to distribute cocaine, and following his guilty plea on April 22, 2004, he was sentenced on that conviction to 10 years' imprisonment. *See* Gov't Response Cobb Letter 1. On June 7, 2005, while Mr. Cobb was serving his Northern District sentence, he was charged in this district with conspiracy to distribute cocaine and distribution of cocaine. *See* Indictment, 04-cr-203, ECF No. 71. Mr. Cobb was convicted of these charges by jury verdict on August 12, 2005, *see* Verdict Sheet, 04-cr-203, ECF No. 139, and on August 15, 2006, I sentenced him to a mandatory minimum of 240 months. *See* J. in Criminal Case 3.

At Mr. Cobb's sentencing, I made clear that I felt his sentence was "exceedingly severe" given the circumstances of his offense. *See* Sentencing Tr., 04-cr-203, ECF No. 193, at 25 ("A 20-year sentence is an exceedingly severe one, especially for a defendant with a very limited criminal history, whose conduct has not been characterized by violence and whose criminal activity was undoubtedly motivated by severe addiction."). I have continued to be deeply troubled by the severity of Mr. Cobb's sentence, so much so that in 2016, I wrote a letter in support of his application for clemency. *See* Letter in Supp. Clemency Appl. (copy annexed). In that letter, I identified the mitigating factors that stood out to me in Mr. Cobb's case, including his lack of a violent or criminal history, and the fact that his role in the offense was greatly overshadowed by that of his co-defendant. *Id.* at 1–2. I further noted that Mr. Cobb would not receive the same sentence if his case were prosecuted today, and that my discretion was cabined by the mandatory minimum in place at the time of sentencing. *Id.* at 1. Put simply, my intention

2

at Mr. Cobb's sentencing was to impose the least amount of time allowable under the law.

Due to an error, however, Mr. Cobb did not receive the sentence I intended. As the government concedes, since Mr. Cobb's conduct in the Northern and Eastern district cases was related, I had the authority under U.S.S.G. § 5G1.3(b) to reduce Mr. Cobb's 240-month sentence by the amount of time he had already served on his Northern District sentence. *See* Gov't Response Cobb Letter 2–3; *see also id.* at 3 n.1 (citing *United States v. Rivers*, 329 F.3d 119, 122 (2d Cir. 2003)).[1] Thus, given that Mr. Cobb had served over three years on his Northern District sentence at the time of sentencing in this court, *see* Presentence Investigation Report 15, 04-cr-203, ECF No. 218, I should have deducted that time served from his 240-month sentence, with the undischarged portion of his Northern District sentence to run concurrently to his Eastern District sentence. Unfortunately, my mistake was not raised at sentencing. Had it been, I would have undoubtedly imposed the reduced sentence.

Mr. Cobb clearly raised the § 5G1.3(b) issue in his letter dated December 6, 2018. *See* Cobb Letter Requesting Sentence Reduction. This was not the first time, however, that Mr. Cobb had brought the matter to my attention. In 2009, Mr. Cobb filed a pro se motion under 28 U.S.C. § 2255 to vacate his sentence. *See* Cobb § 2255. In that motion, Mr. Cobb challenged his sentence on a number of grounds, including that his trial counsel was ineffective for "fail[ing] to preserve and argue on appeal, the Issues presented herein." Cobb § 2255 8–9. Mr. Cobb then proceeded to present issues regarding the imposition of his sentence: "The Court committed error at sentencing . . . [by] imposing a consecutive sentence when substantive, relevant conduct was derived from the NDNY prosecution, in the following respects: 1) without regard for the federal Guidelines 1B1.3 . . . , relevant conduct . . . ." *Id.* at 9–10. While Mr. Cobb did not explicitly cite

---

[1] In fact, I was required to reduce Mr. Cobb's sentence. *See* § 5G1.3(b)(1).

to § 5G1.3(b), he identified the relevant conduct provision that serves as the basis for § 5G1.3(b), and he clearly noted the court's failure to factor the time served on his relevant conduct into his sentence. *Id.* Submissions by a pro se defendant in a motion to vacate "should be construed liberally 'to raise the strongest arguments that they suggest.'" *Hoffenberg v. United States*, 436 F. Supp. 2d 609, 611 (S.D.N.Y. 2006) (quoting *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)). Construing Mr. Cobb's § 2255 petition liberally, he sufficiently raised the issue that his trial counsel was ineffective for failing to preserve and argue on appeal my § 5G1.3(b) error.

Regrettably, Mr. Cobb's § 5G1.3(b) argument was not addressed in the government's opposition to his § 2255, my opinion denying his § 2255, Mr. Cobb's subsequent Rule 60(b) motion to reopen his § 2255, or in my opinion denying his 60(b) motion. *See* Gov't Opp'n § 2255, 09-cv-916, ECF No. 5; Order Denying § 2255; Cobb 60(b) Mot., 09-cv-916, ECF No. 19; Order Denying 60(b) Mot., 09-cv-916, ECF No. 29. Mr. Cobb wrote me two letters, in April and May of 2015, asking me to clarify whether there was an error in his calculated sentence of 22 years, 3 months, and 25 days. *See* Cobb April 2015 Letter, 04-cr-203, ECF No. 228; Cobb May 2015 Letter, 04-cr-203, ECF No. 230. Because I did not adequately understand Mr. Cobb's concern, I did not take action to remedy my mistake. It was not until Mr. Cobb's most recent letter that I came to comprehend my error. For the following reasons, my order denying Mr. Cobb's § 2255 petition is vacated, and his motion to vacate his sentence is granted.

### DISCUSSION

**1. Vacatur of my order denying Mr. Cobb's § 2255 petition is appropriate under Federal Rule of Civil Procedure 60(b)(6).**

In the Second Circuit, a district court has the authority to vacate its own judgment *sua sponte* under Federal Rule of Civil Procedure 60(b)(6). *See, e.g., Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001); *Matter of Perras*, No. 08-CV-1771 (KAM) (CLP),

2010 WL 11627295, at *6 (E.D.N.Y. Nov. 3, 2010); *Economist's Advocate, LLC v. Cognitive Arts Corp.*, No. 01 Civ. 9468, 2004 WL 728874, at *11 (S.D.N.Y. Apr. 6, 2004). The rule, which permits a court to "relieve a party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), "confers broad discretion . . . to grant relief when appropriate to accomplish justice." *Matter of Perras*, 2010 WL 11627295, at *6 (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). Relief is appropriate "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Id.* (quoting *United Airlines*, 588 F.3d at 176)). Courts in this circuit have relied on 60(b)(6) to *sua sponte* vacate a denial of habeas and reopen the proceeding. *See Walker v. Conway*, No. 9:02-CV-790 (FJS/VEB), 2007 WL 2027911, at *1 (N.D.N.Y. July 11, 2007); *Cole v. United States*, No. 98 CV 7670(SJ), 2003 WL 21909758, at *1 (E.D.N.Y. July 30, 2003).

I find that the circumstances here warrant vacatur of my judgment denying Mr. Cobb's § 2255 habeas petition. As discussed *infra*, the petition included a meritorious argument for vacating his sentence, but the argument was overlooked by both the government and the court. In Mr. Cobb's case, I have no doubt that relief is appropriate to achieve justice. As I highlighted at sentencing and in my letter supporting Mr. Cobb's clemency application, a 20-year sentence for Mr. Cobb was far too harsh. At the time of sentencing, Mr. Cobb had virtually no history of violence, possessed a minimal criminal record, and had played a limited role in the offense. The mitigating circumstances in Mr. Cobb's case have only become more powerful with time. Mr. Cobb, who has been incarcerated since October 7, 2002, has now served over 16 years of his life in prison. While serving this excessive sentence, Mr. Cobb has conducted himself in an exemplary manner. The Bureau of Prisons records in his clemency petition demonstrate that he

has studied for and earned his GED, as well as completed correctional facility-based outpatient

treatment for his drug addiction. *See* Cobb Clemency Application, Inmate Skills Development

Plan 2, 8. As of 2014, Mr. Cobb was working in food services at his facility, *see id.* at 3, with the

goal of using his skills to enter the restaurant business after release, *see* Cobb Clemency

Application, Pet. for Commutation of Sentence 5. Further, Mr. Cobb's disciplinary record in

prison appears minimal and nonviolent. *See* Cobb Clemency Petition, Inmate Skills

Development Plan 3. Allowing my erroneous judgment denying Mr. Cobb's § 2255 petition to

remain in effect places an extreme and undue hardship on Mr. Cobb, as it deprives him of more

than two years of freedom. I am therefore vacating my 2010 denial of Mr. Cobb's § 2255.[2]

### 2. Mr. Cobb's § 2255 petition is granted because I would have imposed a lesser sentence had my § 5G1.3(b) error been raised.

Under 28 U.S.C. § 2255, a federal prisoner may petition his sentencing court to "vacate,

set aside, or correct [his] sentence" "upon the ground that the sentence was imposed in violation

of the Constitution or laws of the United States." § 2255(a). Generally speaking, however,

"claims not raised on direct appeal may not be raised on collateral review unless the petitioner

shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). One important

exception to this rule is that "failure to raise an ineffective-assistance-of-counsel claim on direct

appeal does not bar the claim from being brought in a later, appropriate proceeding under §

2255." *Id.* at 509. A petitioner may bring an ineffective-assistance-of-counsel claim based on his

---

[2] Although a district court must provide notice to the parties before granting 60(b)(6) relief *sua sponte*, "[a]dequate notice . . . does not require the court to formally notify parties of its intention to grant such relief, nor does it require the court specifically to request briefing on Rule 60(b)(6) relief." *Matter of Perras*, 2010 WL 11627295, at *6 (citing *Fort Knox*, 257 F.3d at 111). In *Fort Knox*, the court vacated its prior judgment under Rule 60(b)(6) on the grounds that it lacked personal jurisdiction over the defendant. *See Fort Knox*, 257 F.3d at 111. There, the Second Circuit found that the district court's request that the parties brief issues of personal jurisdiction provided "ample notice that the court's original assumption that it had personal jurisdiction . . . would be revisited." *Id.* Here, similarly, my request that the government respond to Mr. Cobb's December 6, 2018 letter requesting a sentence modification provided the government with adequate notice that I was revisiting the accuracy of Mr. Cobb's sentence.

counsel's failure to object to an error in the court's sentencing computation. *See Johnson v. United States,* 313 F.3d 815, 817–18 (2d Cir. 2002); *see also Williams v. United States,* No. 14-CV-0829 (KMW), 2015 WL 710222, at *4–6 (S.D.N.Y. Feb. 19, 2015); *Porter v. United States,* No. CV–09–1146 (CPS), 2009 WL 2601297, at *5 (E.D.N.Y. Aug. 20, 2009). Thus, Mr. Cobb brought a valid claim in his § 2255 petition that his counsel was ineffective for failing to identify my § 5G1.3(b) error.

To succeed on his ineffectiveness claim, Mr. Cobb must show that his attorney's representation fell below an "objective standard of reasonableness," and that he was prejudiced because of it. *Strickland v. Washington,* 466 U.S. 668, 688, 693–94 (1984). To meet the reasonableness standard in the context of sentencing, attorneys must demonstrate "familiarity with the structure and basic content of the Guidelines." *Johnson,* 313 F.3d at 818 (quoting *United States v. Day,* 969 F.2d 39, 43 (3d Cir. 1992)) (alteration omitted). In this case, although Mr. Cobb's attorney was a zealous and otherwise effective advocate, he misinterpreted my authority under § 5G1.3(b), which demonstrates a lack of familiarity with the Guidelines sufficient to meet the first prong of *Strickland.* The question, then, is whether Mr. Cobb was prejudiced by his counsel's lapse in representation. In determining prejudice, the critical inquiry "is whether, but for the lapse, . . . there [is] a reasonable probability that the sentence would have been the same." *Johnson,* 313 F.3d at 818; *see also Sapia v. United States,* 433 F.3d 212, 218 (2d Cir. 2005). "Where a defendant can demonstrate a reasonable probability that his sentence was increased due to counsel's errors, even relatively short increases in the ultimate sentence received will suffice to show *Strickland* prejudice." *Porter,* 2009 WL 2601297, at *5 (citing *Glover v. United States,* 531 U.S. 198, 203 (2001)). Because I would have imposed a lower sentence had my § 5G1.3(b) error been adequately raised, Mr. Cobb was undoubtedly prejudiced. *See Johnson,* 313

F.3d at 818–19 (holding that "defense counsel's failure to object to a sentencing calculation error that likely resulted in an increase in defendant's period of incarceration constituted ineffective assistance of counsel"); *Williams,* 2015 WL 710222, at *6 (same), *Porter,* 2009 WL 2601297, at *5 (same). Thus, because both prongs of *Strickland* are met, Mr. Cobb's motion to vacate his sentence is granted.

## CONCLUSION

For the reasons set forth above, my 2010 denial of Mr. Cobb's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is vacated, and the motion is granted. The parties are directed to appear for resentencing on February 14, 2019, at 2:00pm. Counsel for Mr. Cobb will be appointed by the court.

                                        /s/
                                      Allyne R. Ross
                                      United States District Judge

Dated:      January 9, 2019
              Brooklyn, New York

ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE

September 1, 2016

Robert A. Zauzmer
Acting Pardon Attorney
Office of the Pardon Attorney
145 N Street N.E., Room 5E.508
Washington, DC 20530

Re: United States v. William H. Cobb, Docket No. 04-CR-203 (ARR)
Application for Commutation of Sentence

Dear Mr. Zauzmer:

The United States Attorney in the Eastern District of New York, by letter dated August 24, 2016, suggested that I write regarding William Cobb's application for clemency. I do so now in support of that application. The twenty-year sentence—the applicable mandatory minimum—that I imposed on Mr. Cobb ten years ago was exceedingly severe given the circumstances of his offense. He would not have received that sentence had his case been prosecuted today.

Before Mr. Cobb's sentencing, which took place on August 17, 2006, I carefully reviewed the transcript of his trial. Upon doing so, several mitigating circumstances stood out to me. Those circumstances, as set forth below, amply justified departing from Mr. Cobb's applicable Guidelines range, which was a term of life imprisonment. But at the time of Mr. Cobb's sentencing, my discretion was cabined by the applicability of a twenty-year mandatory minimum—a product of the government's decision to file a prior felony information pursuant to 21 U.S.C. § 851. Such a decision would, in all likelihood, not have been made today, given Attorney General Holder's August 2013 memorandum governing the charging of drug quantities necessary to trigger a mandatory minimum sentence.

Moreover, the findings that I made at Mr. Cobb's sentencing in 2006 substantiate the appropriateness of supporting Mr. Cobb's application for clemency now. Specifically,

- Mr. Cobb was not violent. Although his advisory Guidelines calculation incorporated a weapons enhancement, I noted at his sentencing that "the trial evidence demonstrated little, if any, violence by defendant in connection with the conspiracy; nor is there any evidence of violent conduct by defendant at any time historically." Tr. of Sentencing, Dkt. #193, at 21. I further stated that, uncharacteristic of many defendants convicted of drug conspiracies, Mr. Cobb "did not . . . even regularly carry a weapon in connection with his drug dealing." Id.

- **Mr. Cobb's role in the offense was greatly overshadowed by that of his co-defendant, Dupree Harris.** As I stated at Mr. Cobb's sentencing, "there is a vast discrepancy between roles played in the conspiracy by Harris and Cobb, the former of whom under the guidelines is accorded only one level more than Harris as a result of his role." Tr. of Sentencing, Dkt. #193, at 22. This discrepancy was particularly disturbing to me given the facts presented at trial, which showed that Harris wielded all control within the crack conspiracy; in contrast, Mr. Cobb's conduct directly stemmed from, and was motivated by, drug addiction.

- **Mr. Cobb had minimal criminal history.** Until the activities that made up the conduct underlying his conviction in this case, Mr. Cobb "ha[d] spent virtually no time in jail and . . . had very few brushes with the law."

There is simply no need for Mr. Cobb to continue to serve out the twenty-year sentence that I imposed upon him in 2006. Accordingly, I recommend that you grant Mr. Cobb's application for the commutation of his sentence.

Sincerely yours,

/s/(ARR)

Allyne R. Ross